Geoffrey Willard ATWELL, Appellant

v.

Mark S. SCHWEIKER; Edward G. Rendell; Judith B. Selvey; Sarah Hart, PA DOC Chief Counsel; Randy Sears, PA DOC Deputy Chief Counsel; Michael Farnan, PA DOC Asst. Chief Counsel; Mark Berlstrom; Thomas Corbett, Jr.; James O. Thomas, Jr.

No. 06–3455.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1 Sept. 4, 2007.

Filed: Oct. 4, 2007.

Geoffrey Willard Atwell, Downingtown, PA, pro se.

BEFORE: SLOVITER McKEE and AMBRO, Circuit Judges.

## OPINION

PER CURIAM.

Geoffrey Atwell, a former state prisoner proceeding *pro se*, appeals from orders of the United States District Court for the Middle District of Pennsylvania denying his motions for recusal and appointment of counsel, and dismissing his civil rights complaint. We will affirm the orders denying recusal and counsel, but vacate the order dismissing Atwell's complaint.

Atwell filed his civil rights action against a Pennsylvania Board of Probation and Parole staff technician, Department of Corrections personnel, and other Commonwealth officials and employees, including former Pennsylvania Governor Mark Schweiker and Governor Edward Rendell. Atwell alleged that he was incarcerated beyond the expiration of his prison sentence, that he notified the named defendants while he was incarcerated, and that they took no action. Atwell asserted violations of his constitutional rights, and sought damages and other non-monetary relief.

Shortly after filing his complaint, Atwell moved for the recusal of Judge Rambo pursuant to 28 U.S.C. §§ 144, 455(a) and 455(b)(1). Atwell alleged that Judge Rambo was biased against him based upon her adverse rulings in civil rights actions he filed when he was incarcerated, and the fact that this Court remanded some of his

cases to the District Court for further proceedings. Atwell also stated that he filed a criminal complaint against Judge Rambo, and that she had a conflict of interest because she was once a Commonwealth of Pennsylvania employee.

Judge Rambo denied the motion for recusal, and then dismissed Atwell's complaint under 28 U.S.C. § 1915(e)(2)(B). The District Court decided that the defendants were immune from monetary liability and that it lacked authority to award the injunctive relief Atwell sought. The District Court also denied Atwell's request for appointment of counsel, which he made in his complaint. This appeal followed.

■ The District Court did not err in denying Atwell's motion for recusal. As recognized by Judge Rambo, opinions formed by a judge on the basis of events occurring in the course of prior proceedings do not constitute a basis for a bias motion under 28 U.S.C. §§ 144, 455(a) and 455(b)(1), unless they display a deep-seated antagonism that would make fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Judicial rulings alone almost never constitute a valid basis for a bias motion. *Id.* As Atwell's allegations do not show a deep-seated antagonism, Judge Rambo did not abuse her discretion in denying Atwell's request for recusal based upon her rulings in his other lawsuits and the fact that some of those decisions were remanded on appeal. We also agree that Judge Rambo's employment as a Pennsylvania judge thirty years ago, and the fact that Atwell filed a complaint against Judge Rambo, of which she stated she had no knowledge, did not require recusal.

■ We disagree, however, with the District Court's decision that the defendants are immune from liability. The Eleventh Amendment bars a suit against

118

state officials sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury. *Melo v. Hafer,* 912 F.2d 628, 635 (3d Cir.1990). The Eleventh Amendment does not bar suits against state officials in their personal capacities. *Id.*

To determine whether a plaintiff sued a defendant in his personal capacity, official capacity, or both, we look to the complaint and the course of proceedings. *Id.* In concluding that the official in *Melo* was sued in her personal capacity, we considered the fact that the plaintiffs sued, and only requested damages from, the official and not the state. *Id.* at 636. We noted that the official raised a qualified immunity defense, which is available when an official is sued in his personal capacity. *Id.* And we stated that the plaintiffs should have been able to amend their complaint to resolve any ambiguity after they asserted in the district court that they sued the official in her individual capacity. *Id.* We have also resolved doubts about the capacity in which defendants were sued in favor of a plaintiff, and assumed he sued them in their personal capacities, where the plaintiff sought punitive damages. *See Gregory v. Chehi,* 843 F.2d 111, 119–20 (3d Cir. 1988) (noting punitive damages cannot be recovered from a defendant in his official capacity).

Here, Atwell has not sued the Commonwealth of Pennsylvania, and he seeks punitive damages. Atwell avers that each "defendant who, functioning in an individual capacity while acting in an official capacity under color of Pennsylvania law," violated his constitutional rights. Complaint at 3. Atwell's complaint may be ambiguous as to the capacities in which he sues the defendants, but *Melo* and *Gregory* support the conclusion that he sued them in their personal capacities. *See also Sample v.*

*Diecks,* 885 F.2d 1099, 1113 (3d Cir.1989) (rejecting argument that Eleventh Amendment barred § 1983 action against state official where prisoner claimed that he was held beyond the expiration of his sentence).

Accordingly, we will affirm the District Court's order denying recusal, but vacate the dismissal of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and remand for further proceedings. We will also affirm the District Court's order denying counsel because it is unclear at this early stage of the proceedings whether Atwell's claim has any merit. *Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir.1993).